## JAMES RAY vs. JOHN L. THOMPSON.

A sale of personal property on condition that the vendee may return the article in a specified time, becomes absolute, if the vendee so misuse the property during that time, as materially to impair its value; and the vendor may recover the price in general assumpsit for goods sold.

ASSUMPSIT for the price of a horse sold to the defendant. The defence was that the horse was sold under a conditional contract, with a right to return him within a specified time, if not satisfactory to the defendant, and that the defendant did so return him. At the trial in the court of common pleas before *Mellen*, J., the plaintiff offered evidence tending to prove that during the time limited by the contract for the return of the horse, and while he was in the defendant's possession, the defendant misused and abused the horse, whereby he was materially injured and lessened in value, and that the plaintiff did not accept him in return; which evidence, the presiding judge, on objection by the defendant, rejected, and the verdict being for the defendant, the plaintiff alleged exceptions to the ruling.

*J. W. Bacon*, for the plaintiff.

*G. A. Somerby*, for the defendant.

BY THE COURT. The evidence offered by the plaintiff ought to have been admitted, to prove, if he could, that the horse had been abused and injured by the defendant, and so to show that the defendant had put it out of his power to comply with the condition, by returning the horse. The sale was on a condition subsequent; that is, on condition he did not elect to keep the horse, to return him within the time limited. Being on a condition subsequent, the property vested presently in the vendee, defeasible only on the performance of the condition. If the defendant, in the meantime, disabled himself from performing the condition, — and if the horse was substantially injured by the defendant by such abuse, he would be so disabled, — then the sale became absolute, the obligation to pay the price became unconditional, and the

24 *

plaintiff might declare as upon an *indebitatus assumpsit*, without setting out the conditional contract. *Moss* v. *Sweet*, 3 Eng. Law & Eq. 311; 16 Ad. & El. N. R. 493.

*New trial ordered*